DANIEL C. SNYDER (Oregon State Bar No. 105127)
*Pro hac vice* application forthcoming
LAW OFFICES OF CHARLES M. TEBBUTT, P.C.
941 Lawrence Street
Eugene, Oregon 97401
Telephone: (541) 344-3505
Facsimile: (541) 344-3516
dan@tebbuttlaw.com

RACHEL S. DOUGHTY (California State Bar No. 255904)
CHRISTIAN R. BUCEY (California State Bar No. 341921)
GREENFIRE LAW, PC
P.O. Box 8055
Berkeley, CA 94707
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
rdoughty@greenfirelaw.com
cbucey@greenfirelaw.com

Attorneys for Plaintiff US RIGHT TO KNOW

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| US RIGHT TO KNOW, a California Non-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Freedom of Information Act |

# INTRODUCTION

1. This action, through which Plaintiff US Right to Know ("USRTK" or "Plaintiff") seeks access to government records held by Defendant United States Department of Health and Human Services ("HHS" or "Defendant"), is premised upon, and consequent to, violations of the federal Freedom of Information Act ("FOIA"), 5 U.S.C. section 552 *et seq.*, and HHS FOIA regulations promulgated thereunder, 45 C.F.R. Part 5 – "FREEDOM OF INFORMATION REGULATIONS." This action challenges Defendant's unlawful failure to abide by the statutory requirements of the FOIA and HHS' own implementing regulations.

2. Defendant is unlawfully withholding from public disclosure information sought by USRTK, information to which USRTK is entitled and for which no valid disclosure exemption applies or has been properly asserted. In particular, Defendant has violated, and remains in violation of, the statutory mandates imposed by the FOIA by: (Count I) failing to provide a timely final determination on USRTK's FOIA Requests; (Count II) unlawfully withholding records from public disclosure for which no valid disclosure exemption applies or has been properly asserted, or to provide the reasonably segregable portions of those records; (Count III) failing to grant USRTK's request for a fee waiver under the FOIA; and (Count IV) failing to provide an "estimated date of completion," updated or otherwise.

3. The records requested by USRTK are likely to contribute significantly to the understanding of the operations or the activities of the government. USRTK is a 501(c)(3) nonprofit organization and, by its nature, has no commercial interest in the requested records.

4. USRTK seeks declaratory relief establishing that HHS has violated the FOIA and that such actions entitle USRTK to relief thereunder. USRTK also seeks injunctive relief directing HHS to conduct a reasonably adequate search for records and to promptly provide responsive material, to reasonably segregate portions of non-exempt records, and to provide proper justifications for any disclosure exemptions that are applied. Finally, USRTK requests that the Court award Plaintiff its reasonable attorneys' fees and costs incurred in bringing this action.

# JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 5 U.S.C. section 552(a)(4)(B). That provision of

the FOIA grants jurisdiction to "the district court of the United States in the district in which the complainant resides, or has his principal place of business[.]" USRTK both resides and maintains its principal place of business in the Northern District of California.

6. The Court also has federal question jurisdiction pursuant to 28 U.S.C. section 1331 because this action arises under the FOIA and the Declaratory Judgment Act, 28 U.S.C. section 2201 *et seq*.

**INTRADISTRICT ASSIGNMENT**

7. Pursuant to Local Rule 3-2(c), this case is properly brought in the San Francisco Division of the Northern District of California because a substantial part of the events and omissions which give rise to the claims alleged herein occurred in the County of San Francisco.

8. Under the FOIA, 5 U.S.C. section 552(a)(4)(B), jurisdiction vests in the district court where "the complainant resides" or "has his principal place of business."

9. Plaintiff resides in the County of San Francisco.

10. Plaintiff has its principal place of business in the County of San Francisco.

11. As such, under the L.R. 3-2(c), (d), intradistrict assignment to the San Francisco division is proper.

**PARTIES**

12. Plaintiff USRTK is a 501(c)(3) nonprofit corporation organized under the laws of the State of California. USRTK is a public interest, investigative research group focused on promoting transparency for public health. USRTK works nationally and globally to expose corporate wrongdoing and government failures that threaten the integrity of food systems, the environment, and human health.

13. Defendant United States Department for Health and Human Services is an agency of the United States executive branch.

14. HHS qualifies as an "agency" under the FOIA, the records sought are "records" under the FOIA, and because HHS is in possession and control of the records sought by USRTK, HHS is subject to the FOIA pursuant to 5 U.S.C. section 552(f).

**LEGAL FRAMEWORK**

15. The FOIA requires U.S. government agencies to "promptly" make public records available to any person if that person makes a request which (1) reasonably describes the records sought and (2) complies with any applicable agency rules for making such a request. 5 U.S.C. § 552(a)(3)(A).

16. The FOIA requires an agency to issue a final determination on any such information request within twenty business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i). In issuing a final determination, an agency is required to inform the requester of three things: (1) the agency's determination of whether or not it must comply with the request; (2) the reasons for its decision; and (3) notice of the right of the requester to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

17. The FOIA allows an agency to extend the twenty-day determination deadline, however, by ten working days when "unusual circumstances" exist and when the agency so notifies a requester in writing. 5 U.S.C. § 552(a)(6)(B)(i)-(iii); 45 C.F.R. § 5.24(f). A notice informing a requester of the invocation of the "unusual circumstances" provision must specify the applicable "unusual circumstances." *Id*.

18. Permissible "unusual circumstances" are limited to: "(I) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request; (II) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or (III) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

19. An agency is entitled to one ten-business day extension. 5 U.S.C. § 552(a)(6)(B)(i). The written notice provided to the requester must specify the specific unusual circumstances justifying the extension and the date on which a final determination is expected to be dispatched. *Id*.; 45 C.F.R. § 5.24(f).

20. In some circumstances, the FOIA allows an agency to invoke an extension beyond ten days. To invoke a longer extension, the FOIA requires an agency to provide written notification to the

requester that (1) offers the requester an opportunity to limit the scope of the request so that it may be processed within that time limit, or (2) offers the requester an opportunity to arrange with the agency an "alternative time frame" for processing the request. 5 U.S.C. § 552(a)(6)(B)(ii); 45 C.F.R. § 5.24(f).

21. As part of invoking an "alternative time frame" extension, the agency must also make available to the requester its FOIA Public Liaison, who is tasked to resolve any dispute between the requester and the agency. 5 U.S.C. § 552(a)(6)(B)(ii); 45 C.F.R. § 5.24(f).

22. FOIA Public Liaisons "shall serve as supervisory officials" and "shall be responsible for assisting in reducing delays, increasing transparency and understanding of the status of requests, and assisting in the resolution of disputes." 5 U.S.C. § 552(l).

23. Even when an "unusual circumstances" extension is made, the agency must still notify the requester of its expected date on which a final determination will be dispatched. 5 U.S.C. § 552(a)(6)(B)(i); 45 C.F.R. § 5.24(f) ("Whenever we cannot meet the statutory time limit for processing a request because of 'unusual circumstances,' as defined in the FOIA, and we extend the time limit on that basis, we will notify you, before expiration of the 20-day period to respond and in writing of the unusual circumstances involved and of the date by which we estimate processing of the request will be completed.").

24. "Exceptional circumstances" for failure to comply with applicable time limits "does not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." 5 U.S.C. § 552(a)(6)(C)(ii).

25. If an agency fails to provide a final determination on a FOIA request within the statutory timeframe, the requester is deemed to have exhausted its administrative remedies and may immediately file suit against the agency. 5 U.S.C. § 552(a)(6)(C)(i).

26. The FOIA also requires agencies to provide "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii); *see also* 5 U.S.C. § 552(a)(6)(B)(i).

27. Agencies shall make reasonable efforts to maintain their records so they are reproducible for FOIA purposes, and "shall make reasonable efforts to search" for responsive records. 5 U.S.C. §

4
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
CASE NO. _____

552(a)(3)(B), (C). The term "search" "means to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request." 5 U.S.C. § 552(a)(3)(D).

28. In furnishing records responsive to a request under the FOIA, an agency may, for a limited set of categories of information, exclude or withhold such information from disclosure. 5 U.S.C. § 552(b). However, even where proper justification exists for withholding such information, the agency must provide the remaining portions of records that are reasonably segregable from the properly withheld portions thereof. *Id.*

29. Except in certain circumstances, when an agency produces a record in response to a FOIA request but withholds a portion thereof, the agency must indicate the volume of information withheld and the exemption under which such information has been withheld. *Id.*; 5 U.S.C. § 552(a)(6)(F).

30. An agency that withholds public records from a requestor under the FOIA bears the burden of sustaining the legality of its action. 5 U.S.C. § 552(a)(4)(B).

31. Requesters under the FOIA may ask that an agency waive fees associated with any request for records "if disclosure of the information is in the public interest because it is likely to contribute significantly to the public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

32. An agency may only charge certain fees depending on the category of requester. For non-commercial requesters such as USRTK, "fees shall be limited to reasonable standard charges for document search and duplication." 5 U.S.C. § 552(a)(4)(A)(ii)(III).

33. Agencies are prohibited from assessing search fees if the agency fails to comply with the FOIA's twenty-day determination deadline or any lawful extension under the statute's "unusual circumstances" provisions. 5 U.S.C. § 552(a)(4)(A)(viii).

## STATEMENT OF OPERATIVE FACTS

*FOIA Request One*

34. USRTK submitted a FOIA Request ("Request One") to HHS on July 14, 2020. Request

One sought a waiver of all fees associated with processing the Request. A copy of Request One is attached hereto as **Exhibit A**.

35. Request One seeks agency records containing identified search terms that were exchanged between a specific set of HHS employees and other entities. Exhibit A at 1-2.

36. USRTK has no commercial interest or value in records responsive to Request One.

37. The records requested by USRTK are likely to contribute significantly to the public understanding of the operations and activities of the government, especially as they pertain to the origins of the SARS-CoV-2 virus and the COVID-19 pandemic in the United States.

38. USRTK has a demonstrated track record of obtaining and disseminating information obtained under the FOIA and state public records laws concerning public health. Since 2015, USRTK has obtained, posted online, and reported on thousands of industry and government documents gathered via public records requests. USRTK's work has contributed to three New York Times investigations, 13 academic papers in public health journals, 13 articles in the BMJ, one of the world's leading medical journals, and global media coverage documenting how food and chemical corporations impact public health and the environment. USRTK's staff has expertise in investigative journalism and advanced research, especially as it concerns impacts on human health.

39. USRTK's investigation of the origins of Covid-19 has been featured in news outlets around the world, including the Wall Street Journal, Science, BMJ, USA Today, New Yorker, Vanity Fair, Fox News, The Intercept, Sky News Australia, Daily Mail, The Australian, Bulletin of the Atomic Scientists, RAI 3's Presadiretta, Le Parisien, Le Point, CNET, Taiwan News, La Jornada, The Sun, Daily Caller, New York Post, and many others.

40. USRTK shares its findings with media outlets, public health and medical journals, and through its own library of information, available online at: <http://www.usrtk.org>. Many of USRTK's documents are available through the USRTK Agrichemical Collection of the University of California, San Francisco's ("UCSF") Chemical Industry Documents Archive, available online at: <https://www.industrydocuments.ucsf.edu/chemical/collections/usrtk-agrichemical-collection/>, and the USRTK Food Industry Collection of the UCSF Food Industry Documents Archive, available online at:

<https://www.industrydocuments.ucsf.edu/food/collections/usrtk-food-industry-collection/>.

41. Request One was received and acknowledged by HHS via email on July 15, 2020 and assigned tracking number "2020-01469-FOIA-OS." In that acknowledgment, HHS invoked the "unusual circumstances" exception to the FOIA's standard twenty-day determination deadline but did not identify "the date by which we estimate processing of the request will be completed." 45 C.F.R. § 5.24(f).

42. HHS' July 15, 2020, acknowledgment also did not provide USRTK with an estimated date on which HHS would complete action on Request One or respond to USRTK's request for a fee waiver.

43. USRTK wrote to HHS by email on August 17, 2020, requesting an update to the processing of Request One, requesting an expedited completion date, and asking whether there was anything USRTK could do to expedite the processing of Request One.

44. Liz Webb, an employee at the FOI/PA Division of the Office of the Assistant Secretary for Public Affairs at HHS responded to USRTK's email on August 21, 2020. In that response, HHS provided an estimated date of completion within 5-7 months.

45. Having received no communications or records responsive to Request One, on December 17, 2020, USRTK again wrote to HHS via Ms. Webb. In that email, USRTK requested "an actual date for when you estimate completing our request." Ms. Webb responded eleven days later, providing an updated estimated completion date of 10-12 months and asking whether USRTK would consider narrowing its request.

46. Having received no records responsive to Request One, on March 11, 2021, USRTK provided a formal "determination request" concerning Request One. That correspondence formally demanded that HHS provide USRTK with a lawful "determination" on Request One per 5 U.S.C. § 552(a)(6)(B)(i) and that HHS provide an updated estimated date of completion. USRTK provided HHS with prior written notice that, "If HHS does not promptly provide an updated ECD and determination, we intend to proceed to litigation."

47. Ms. Webb responded to USRTK's March 11, 2021, correspondence by email on March 15, 2021. In the response, Ms. Webb stated that the estimated date of completion of Request One

remained "within 10-12 months."

48. On April 20, 2021, USRTK narrowed the scope of Request One in an attempt to achieve faster production from HHS. Ms. Webb informed USRTK on April 21, 2021, that HHS would process Request One using the narrowed search parameters.

49. USRTK did not receive any further communication from HHS. As such, on September 2, 2021, USRTK sent another formal demand for an official determination and updated estimated completion date to HHS.

50. To date, USRTK has not received any further communication from HHS about Request One.

51. To date, HHS has not provided USRTK with an updated estimated date of completion. The last estimated date of completion provided by HHS expired months ago.

52. To date, HHS has not provided USRTK with a timely and lawful "determination" that informs USRTK of (1) HHS' determination of whether or not to comply with Request One; (2) the reasons for its decision; and (3) notice of USRTK's right to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

53. HHS did not lawfully invoke the FOIA's "unusual circumstances" exception to the FOIA's twenty-day determination deadline, because HHS' July 15, 2020, email did not identify "the date by which we estimate processing of the request will be completed." 45 C.F.R. § 5.24(f).

54. HHS has not shown due diligence in responding to Request One. 5 U.S.C. § 552(a)(6)(C)(i).

55. To date, HHS has failed to issue a decision on USRTK's request for a waiver of fees associated with the processing of the Request.

56. To date, HHS has not produced a single record responsive to Request One.

57. USRTK has constructively exhausted all administrative remedies required by the FOIA. 5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

58. USRTK has been forced to retain the services of counsel and to expend funds litigating Defendant's unlawful actions and omissions under the FOIA.

*FOIA Request Two*

59. USRTK submitted a FOIA Request ("Request Two") to HHS on March 8, 2021. Request Two sought a waiver of all fees associated with processing the Request. A copy of Request Two is attached hereto as **Exhibit B**.

60. Request Two seeks agency records containing identified search terms that were exchanged between a specific set of HHS employees and other entities. Exhibit B at 1-2.

61. USRTK has no commercial interest or value in records responsive to Request Two.

62. The records requested by USRTK are likely to contribute significantly to the public understanding of the operations and activities of the government, especially as they pertain to the origins of the SARS-CoV-2 virus and the COVID-19 pandemic in the United States.

63. USRTK incorporates and restates Para. 38-40, *supra*.

64. HHS acknowledged receipt of Request Two on March 9, 2021. In that acknowledgment, HHS assigned Request Two tracking number "2021-00747-FOIA-OS."

65. Having received no further communications or responsive records from HHS related to Request Two, USRTK wrote to HHS on August 27, 2021. In that correspondence, USRTK requested that HHS issue a formal determination on Request Two and provide an estimated date of completion for Request Two consistent with the FOIA. USRTK noted that, "[i]f HHS does not promptly provide an ECD and determination, we intend to proceed to litigation."

66. On August 30, 2021, HHS provided USRTK with a letter acknowledging HHS' March 8, 2021, receipt of Request Two. That letter did not provide a formal determination for Request Two. That letter did not provide USRTK with an estimated completion date for Request Two. That letter did not invoke the FOIA's "unusual circumstances" exception to the FOIA's twenty-day statutory deadline for issuance of a formal "determination."

67. To date, USRTK has not received any further communication from HHS about Request Two.

68. To date, HHS has not provided USRTK an estimated date of completion.

69. To date, HHS has not provided USRTK with a timely and lawful "determination" that

informs USRTK of (1) HHS' determination of whether or not to comply with Request Two; (2) the reasons for its decision; and (3) notice of the right of USRTK to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

70. At no time has HHS invoked the FOIA's "unusual circumstances" exception to the FOIA's twenty-day determination deadline.

71. HHS has not shown due diligence in responding to the request. 5 U.S.C. § 552(a)(6)(C)(i).

72. To date, HHS has failed to issue a decision on USRTK's request for a waiver of fees associated with the processing of Request Two.

73. To date, HHS has not produced a single record responsive to Request Two.

74. USRTK has constructively exhausted all administrative remedies required by the FOIA. 5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

75. USRTK has been forced to retain the services of counsel and to expend funds litigating Defendant's unlawful actions and omissions under the FOIA.

## CAUSES OF ACTION

## COUNT I

### VIOLATIONS OF THE FREEDOM OF INFORMATION ACT AND HHS REGULATIONS:

### FAILURE TO PROVIDE TIMELY FINAL DETERMINATION

76. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

77. USRTK has a statutory right to have Defendant process its FOIA requests in a manner that complies with the FOIA. USRTK's rights in this regard were violated by HHS' failure to provide a timely and legally adequate final determination on Requests One and Two (collectively, "the FOIA Requests").

78. To date, USRTK has not received any written communication from HHS about whether HHS will comply with the FOIA Requests, the Defendant's reasons for making that decision, and any

10
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
CASE NO. _____

right of USRTK to administratively appeal that decision. 5 U.S.C. § 552(a)(6)(A)(i); 45 C.F.R. Part 5.

79. Based on the nature of USRTK's organizational activities, USRTK will continue to employ FOIA's provisions to request information from Defendant in the foreseeable future. These activities will be adversely affected if Defendant is allowed to continue violating FOIA's response deadlines.

80. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, HHS will continue to violate USRTK's rights to receive public records under the FOIA.

81. HHS' failure to make a final determination on the FOIA Requests within the statutory timeframe has prejudiced USRTK's ability to timely obtain public records.

## COUNT II

### VIOLATION OF THE FREEDOM OF INFORMATION ACT:

### UNLAWFUL WITHHOLDING OF NON-EXEMPT PUBLIC RECORDS

82. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

83. USRTK has a statutory right to have Defendant process its FOIA requests in a manner that complies with FOIA. USRTK's rights in this regard were violated when HHS failed to promptly provide public, non-exempt records to USRTK in response to the FOIA Requests, 5 U.S.C. §§ 552(a)(3)(A) & (b), to provide a reasonable estimate of the volume of withheld records, 5 U.S.C. § 552(a)(6)(F), and to reasonably segregate all non-exempt portions of otherwise exempt material, 5 U.S.C. § 552(b).

84. HHS is unlawfully withholding public disclosure of information sought by USRTK, information to which it is entitled and for which no valid disclosure exemption applies.

85. USRTK has constructively exhausted its administrative remedies with respect to this claim for both Request One and Request Two.

86. USRTK is entitled to injunctive relief to compel production of all non-exempt, responsive records.

87. Based on the nature of USRTK's organizational activities, USRTK will undoubtedly

continue to employ FOIA's provisions to request information from Defendant in the foreseeable future.

88. USRTK's organizational activities will be adversely affected if Defendant is allowed to continue violating FOIA's response deadlines as it has in this case.

89. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, HHS will continue to violate the rights of USRTK to receive public records under the FOIA.

## COUNT III

## VIOLATION OF THE FREEDOM OF INFORMATION ACT:

## FAILURE TO TIMELY APPROVE USRTK'S FEE WAIVER REQUEST

90. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

91. USRTK has a statutory right to have Defendant process its FOIA requests in a manner that complies with FOIA.

92. USRTK's rights in this regard were violated by Defendant's unlawful delay in informing USRTK of its decision concerning USRTK's request for a fee waiver in both Request One and Request Two.

93. Based on the nature of USRTK's organizational activities, USRTK will continue to employ FOIA's provisions to request information from HHS in the foreseeable future. These activities will be adversely affected if Defendant is allowed to continue violating the FOIA's requirements and deadlines for fee waiver requests.

94. USRTK's request for a waiver of all fees associated with the FOIA Requests is appropriate and satisfies all elements required for approval of a fee waiver.

95. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, Defendant will continue to violate the rights of USRTK to receive public records under the FOIA.

96. HHS' failure to make a timely determination on USRTK's fee waiver request has prejudiced USRTK's ability to timely obtain public records.

# COUNT IV

## VIOLATION OF THE FREEDOM OF INFORMATION ACT:

## FAILURE TO PROVIDE ESTIMATED DATE OF COMPLETION

97. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

98. USRTK has a statutory right to have Defendant process its FOIA requests in a manner that complies with FOIA. USRTK's rights in this regard were violated by HHS' unlawful failure to provide an estimated date of completion for both Request One and Request Two, as required by the FOIA, 5 U.S.C. section 552(a)(7)(B)(ii).

99. For Request One, USRTK formally requested that HHS provide an updated estimated date of completion on September 2, 2021. No response was received from HHS.

100. For Request Two, USRTK formally requested that HHS provide an estimated date of completion on August 27, 2021. No response was received from HHS.

101. Based on the nature of USRTK's organizational activities, USRTK will continue to employ FOIA's provisions to request information from HHS in the foreseeable future. These activities will be adversely affected if HHS is allowed to continue violating the FOIA's requirements for providing USRTK with an estimated date of completion or updated estimated date of completion on its FOIA requests.

102. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, Defendant will continue to violate the rights of USRTK to receive public records under the FOIA.

## REQUEST FOR RELIEF

Wherefore, USRTK prays that this Court:

1. Order Defendant to promptly provide USRTK all of the information sought in this action and to immediately disclose the requested records for Requests One and Two in unredacted format unless an exemption is properly claimed and properly applies.

2. Declare Defendant's failure to provide USRTK with a final determination for Requests One and Two as unlawful under the FOIA.

3. Declare Defendant's failure to promptly provide USRTK with all non-exempt records responsive to Requests One and Two as unlawful under the FOIA.

4. Declare Defendant's failure to timely approve USRTK's request for a waiver of all fees associated with the FOIA Requests unlawful, and order Defendant's to approve USRTK's fee waiver request.

5. Declare Defendant's failure to provide USRTK with an estimated date of completion, or updated estimated date of completion, as required by 5 U.S.C. section 552(a)(7)(B)(ii), unlawful under the FOIA.

5. Award USRTK its reasonable attorneys' fees and costs pursuant to 5 U.S.C. section 552(a)(4)(E) or 28 U.S.C. section 2412.

6. Grant such other and further relief to USRTK as the Court may deem just and proper.

DATED: July 27, 2022.

/s/ Rachel S. Doughty
RACHEL S. DOUGHTY (California State Bar No. 255904)
CHRISTIAN R. BUCEY (California State Bar No. 341921)
GREENFIRE LAW, PC
P.O. Box 8055
Berkeley, CA 94707
Telephone: (510) 900-9502 x2
Facsimile: (510) 900-9502
rdoughty@greenfirelaw.com
cbucey@greenfirelaw.com

/s/ Daniel C. Snyder
DANIEL C. SNYDER (Oregon State Bar No. 105127)
*Pro hac vice* application forthcoming
LAW OFFICES OF CHARLES M. TEBBUTT, P.C.
941 Lawrence Street
Eugene, Oregon 97401
Telephone: (541) 344-3505
Facsimile: (541) 344-3516
dan@tebbuttlaw.com

*Attorneys for Plaintiff US Right to Know*